**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In Re:

BOBBY SEAK
SOKRATANA KEM SEAK

CASE NO. 3:13-BK-05446-PMG

CHAPTER 13

Debtor(s)

_____/

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

SPECIALIZED LOAN SERVICING LLC AS SERVICING AGENT FOR RESIDENTIAL FUNDING MORTGAGE SECURITIES II, INC. HOME EQUITY LOAN PASS-THROUGH CERTIFICATES, SERIES 2007-HSA2, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST TO BANK OF AMERICA N.A., AS TRUSTEE, SUCCESSOR BY MERGER TO LASALLE BANK N.A., AS TRUSTEE, (hereinafter "Creditor") by and through its undersigned attorney, and pursuant to 11 U.S.C. §1325 files this objection to confirmation of Debtor's Chapter 13 Plan.  The Court should deny confirmation as the Plan does not meet the requirements imposed by Bankruptcy Law for confirmation for the following reasons:

1. On September 23, 2013, Debtor(s) filed the Chapter 13 Plan.

2. Creditor has a security interest in real property located at 12241 Bittercreek Lane Jacksonville FL 32225. Said claim is based on a Note and Mortgage executed on April 28, 2006, by Debtor in the principal amount of $308,727.00. Creditor is preparing to file a Proof of Claim providing evidence of the secured interest and has until January 20, 2014 to finalize the figures.

3. Debtor's Chapter 13 Plan does not state the proper secured claim amount, does not indicate an intention to pay arrearages.

4. Debtor's justification for failure to properly provide for the claim in its entirety is that Debtor anticipates a modification of the loan terms

5. Creditor objects to its treatment in the Plan as follows:

    a. There is no modification in place. Therefore, Debtor's basis for not paying the full contractual amount is unfounded.

    b. By law, Creditor, which holds a fully secured lien on Debtor's homestead, is entitled to full payment if Debtor intends to keep the property.

    c. Permitting Debtor to keep the property and pay less than the regular monthly payment and not cure arrearages is inequitable to Creditor as there appears to be no equity in the property and further delinquencies will only increase the loss to Creditor.

6. The requested hearing time is fifteen (15) minutes.

WHEREFORE, Creditor requests that the Court deny confirmation of the Chapter 13 Plan and award fees and costs for the bringing of this Objection together with such other relief as this Court deems just and proper.

/s/ Dessa Willson
Law Offices of Daniel C. Consuegra, P.L.
  Kevin A. Comer/Florida Bar #55553
  Ashley L. Sigrist/Florida Bar #95068
  Allison D. Thompson/Florida Bar #36981
  Steve D. Tran/Florida Bar #14822
**X Dessa Willson/Florida Bar #66384**
9204 King Palm Drive
Tampa, Florida 33619-1328
bkfiling@consuegralaw.com
Tel (813) 915-8660
Fax (813) 664-8889
Attorney for Creditor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing with attachments has been served either by electronic or standard first class mail this 4th day of October, 2013 to; RYAN MOORE, ESQUIRE, 340 THIRD AVENUE SOUTH SUITE A, JACKSONVILLE BEACH, FL 32250-6767; DOUGLAS NEWAY, TRUSTEE, P O BOX 4308, JACKSONVILLE, FL 32201; AND UNITED STATES TRUSTEE, 400 WEST WASHINGTON STREET, SUITE 1100, ORLANDO, FL 32801.

/s/ Dessa Willson
Dessa Willson, Esquire